# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 20-8114 |
| v. | : | Hon. Joseph A. Dickson |
| YADIMIL GILBERTO CATHALINA ACEVEDO, JAAVED RAHIM, STARLYN JOEL CASTILLO RODRIGUEZ, and JOSE EDUARDO VENTURA ACEVEDO. | : | **CRIMINAL COMPLAINT** |

I, Task Force Officer Edward Garcia, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Edward Garcia
Task Force Officer
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
March 5, 2020 in Newark, New Jersey

HONORABLE JOSEPH A. DICKSON            _____
UNITED STATES MAGISTRATE JUDGE         Signature of Judicial Officer

1

## ATTACHMENT A

### COUNT ONE
*(Conspiracy to Possess with Intent to Distribute Heroin)*

Between in or around October 2019 and on or about March 4, 2020 in Passaic County, in the District of New Jersey, and elsewhere, defendants,

YADIMIL GILBERTO CATHALINA ACEVEDO,
JAAVED RAHIM,
STARLYN JOEL CASTILLO RODRIGUEZ, and
JOSE EDUARDO VENTURA ACEVEDO,

did knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## ATTACHMENT B

I, Edward Garcia, am a Task Force Officer with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Law enforcement has been investigating a drug trafficking organization ("DTO") operating in New Jersey, New York, and elsewhere. During the investigation, law enforcement has learned that Jaaved Rahim ("RAHIM"), Starlyn Joel Castillo Rodriguez ("RODRIGUEZ"), Jose Eduardo Ventura Acevedo ("VENTURA ACEVEDO"), and Yadimil Gilberto Cathalina Acevedo ("CATHALINA ACEVEDO") are members of the DTO who distribute narcotics in New Jersey and elsewhere. Specifically, law enforcement learned that CATHALINA ACEVEDO is a high-level operative in the DTO and that RAHIM, RODRIGUEZ, and VENTURA ACEVEDO are couriers and engage in hand-to-hand transactions on behalf of the DTO.

2. In or around October 2019, law enforcement learned that the DTO was using couriers, including RAHIM, to transport narcotics from New York to New Jersey and elsewhere. Law enforcement also learned that the DTO operated a heroin mill in an apartment located in Jamaica, New York (the "Apartment") to prepare and package these narcotics and that RAHIM, RODRIGUEZ, VENTURA ACEVEDO, and CATHALINA ACEVEDO frequently work at the Apartment. In particular, law enforcement learned that the Apartment is where RAHIM, RODRIGUEZ, VENTURA ACEVEDO, and CATHALINA ACEVEDO would prepare the narcotics for distribution in New Jersey and elsewhere.

3. Law enforcement has since conducted surveillance in or around the area of the Apartment. During this surveillance, law enforcement observed behavior consistent with the Apartment being used as a heroin mill. On or about March 4 2020, law enforcement observed RAHIM drive a few blocks away from the Apartment and engage in what appeared to be a hand-to-hand narcotics transaction with an unidentified individual. Then, RAHIM drove back to the Apartment and went inside of the Apartment.

4. Subsequently, law enforcement observed RAHIM, RODRIGUEZ, VENTURA ACEVEDO, and CATHALINA ACEVEDO exit the Apartment. RAHIM departed the area of the Apartment in one vehicle, and RODRIGUEZ, VENTURA ACEVEDO, and CATHALINA ACEVEDO departed the area of the Apartment together in another vehicle.

5. Law enforcement conducted a vehicle stop on RAHIM. RAHIM provided law enforcement with consent to search his vehicle. During the search of RAHIM's vehicle, law enforcement located approximately 200 grams of suspected heroin. RAHIM explained to law enforcement that he obtained that heroin from inside the Apartment.

6. Law enforcement also conducted a vehicle stop on RODRIGUEZ, VENTURA ACEVEDO, and CATHALINA ACEVEDO. RODRIGUEZ and CATHALINA ACEVEDO provided law enforcement consent to search the vehicle. Law enforcement recovered approximately 3 pills of what appeared to be methylenedioxymethamphetamine.

7. Subsequently, law enforcement conducted a lawful search of the Apartment. During that search, law enforcement recovered two packages containing approximately two kilograms of suspected narcotics, namely heroin. Law enforcement subsequently conducted a field test of the substances contained in the packages, which tested positive for the presence of heroin.

8. Law enforcement also recovered one AR-15 automatic rifle, one AK-47 automatic rifle, and one .40 caliber Luger handgun with an extended magazine in the Apartment.